Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (III)

| | | |
|---|---|---|
| LUZ EVELYN MUÑIZ MUÑOZ<br>Parte Recurrente<br><br>v.<br><br>ABEL DURANT TORO<br>Parte Recurrida | KLCE202500039 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: ISCI201800340<br><br>Sobre: Liquidación de bienes gananciales |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Rodríguez Flores y la Juez Martínez Cordero

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece la señora Luz Evelyn Muñiz Muñoz (en adelante, Sra. Muñiz) y solicita que revisemos una determinación emitida por el Tribunal de Primera Instancia (TPI), Sala de Mayagüez, que le denegó su solicitud de sentencia enmendada.

Evaluado el recurso y los documentos que obran en su apéndice, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7 (B)(5), resolvemos sin trámite ulterior.

### I.

El 19 de marzo de 2024, este Tribunal de Apelaciones dictó sentencia en el recurso KLAN202200747, mediante la cual modificó una sentencia emitida por el TPI el 28 de junio de 2022, en los siguientes términos:

> En resumen, atendidos los errores esgrimidos por la apelante y luego de examinar la totalidad del expediente ante nuestra consideración, incluyendo las posiciones de las partes y la TPO, colegimos que corresponde modificar la sentencia apelada a los únicos efectos de revocar la determinación de la concesión del crédito al apelado por concepto del pago de hipoteca que realizó a partir de 1 de marzo de 2017 *-y hasta que fue relevado*

Número Identificador
RES2025_____

*del pago de pensión alimentaria* [8 de abril de 2019]-, a la luz de las incidencias procesales del alfanumérico ISRF2016-00483, emitida el 14 de febrero de 2017. Así modificada, confirmamos

La Sra. Muñiz acudió al Tribunal Supremo y el recurso acogido como *certiorari* AC-2024-0034 fue denegado el 14 de junio de 2024. El mandato del Tribunal Supremo fue expedido el 11 de julio de 2024. Ello así, la sentencia advino final y firme.

Entonces, el 27 de septiembre de 2024, la Sra. Muñiz solicitó a dicho foro que dictara una nueva sentencia que conformara la participación que le corresponde a cada parte en la extinta sociedad de gananciales a lo resuelto por el foro apelativo intermedio. Planteó que, hasta que ello no sucediese, la sentencia del 28 de junio de 2022 no era final y firme.

En oposición, el señor Abel Durant Toro (en adelante, Sr. Durant) adujo que no procedía que el TPI emitiera una nueva sentencia, ya que la decisión del Tribunal de Apelaciones había establecido claramente que lo único que hay que hacer es eliminar el crédito por concepto del pago de hipoteca durante el tiempo especificado en el dictamen. Comentó que el foro apelativo nunca decretó la devolución del asunto al foro primario ni le ordenó a éste que dictara una nueva sentencia de conformidad con la modificación dictaminada. A su vez, el Sr. Durant detalló los cómputos correspondientes para ajustar las partidas.

El 12 de noviembre de 2024, el TPI denegó la solicitud de la Sra. Muñiz. El 9 de diciembre de 2024, notificada el 10 de diciembre de 2024, el TPI denegó la moción de reconsideración presentada por ésta.

Inconforme, el 9 de enero de 2025, la Sra. Muñiz presentó el recurso que nos ocupa, en el cual apuntó el siguiente señalamiento de error:

Erró el Tribunal de Primera Instancia en no emitir nueva sentencia enmendando el cuaderno particional

conforme a la sentencia emitida por el Tribunal Apelativo en el caso KLAN202200747.

## II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[1]

Para determinar si procede la expedición de un auto de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece que este foro apelativo intermedio tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[2] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

**III.**

La Sra. Muñiz aduce que el TPI debe emitir una sentencia enmendada porque el cómputo ordenado por el Tribunal de Apelaciones altera la sustancia de la decisión original. No tiene razón.

La sentencia del recurso KLAN202200747 fue específica al indicar que lo que procede es eliminar el crédito por concepto del pago de hipoteca durante el tiempo detallado en el dictamen. Por ende, el cómputo a realizarse, a los fines de que éste refleje lo dictaminado por este foro apelativo, solamente conlleva una corrección matemática de la partida que se va a adecuar. Ello en nada afecta los derechos de las partes. De ahí que, ordenar un nuevo pronunciamiento por parte del foro primario resultaría en un acto oneroso e innecesario.

Así pues, tras analizar la petición y los documentos presentados, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, concluimos que la determinación impugnada no denota un abuso de discreción por parte del tribunal primario. Tampoco se desprende que el dictamen recurrido sea irrazonable, arbitrario, muestre elementos de prejuicio o denote error en la aplicación de una norma jurídica. Mucho menos, la Sra. Muñiz demostró que estemos ante una situación en la que, al expedir el

---

[2] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

auto de *certiorari*, evitaría un grave perjuicio o un craso fracaso de la justicia.

En fin, al no haberse acreditado razones que justifiquen nuestra intervención con la determinación cuestionada, ni estar presentes ninguna de las instancias que establece la Regla 40 de nuestro Reglamento, *supra,* procede denegar el auto de *certiorari.*

**IV.**

Por lo anteriormente expuesto, denegamos la expedición del auto de *certiorari.*

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones